UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT DEMOS,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, et al.,<br><br>Defendants. | Case No. 19-cv-04433-HSG<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at Washington State Penitentiary in Walla Walla, Washington, filed this *pro se* action alleging antitrust violations by various companies. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.     Complaint**

The complaint names as defendants Google, Apple, Oracle, Facebook, Yahoo, YouTube, Instagram, Amazon, Intel and AT&T, which the complaint identifies as "high tech" companies. The complaint also names as defendants certain oil companies: Mobil, Occidental, Shell, Standard Oil, GulfFoil, Sunoco, Phillips 66, Marathon, Texaco, Pennzoil, and Exxon.

According to the complaint, plaintiff has been a user of "artificial intelligence products" and "intellectual property products" for many years while incarcerated in the state of California, and continues to be a user of such products while incarcerated in Washington State. He alleges that the violations enumerated in the complaint took place in the state of California, from 1967 to 2019.

The high tech industry and oil industry are in a symbiotic relationship. The high tech industry uses oil to build, construct and power their products. The major oil companies "utilize artificial intelligence to facilitate their accounting, business, treasury and corporate functions." Together, the identified high tech companies and oil companies have violated anti-trust laws by operating monopolies; participating in tying arrangements; engaging in illegal tying price fixing, reciprocal dealing, collusion, gratuities, predatory pricing, horizontal price fixing, predatory mergers and acquisitions, restraint of trade and general corrupt behavior; committing fraud and corporate malfeasance; misusing intellectual property; imposing vertical restraints on territorial sales; placing malfunctioning products on the market and in commerce. In addition, plaintiff's life is in imminent danger because (1) "all of America's nuclear secrets have been downloaded on hard drive computer disc" and there has been a breach of security which compromises plaintiff's

health and security; (2) software giants such as Amazon, Google, Yahoo and Apple rule the information highway; (3) America's defense system is computer driven and security breaches to computer technology place plaintiff in danger; and (4) the issuance of digital currency by Facebook will make every individual a slave of the state and give everyone a mark of the beast, placing plaintiff in imminent danger. Defendants' actions violate the Sherman Act, the Robinson-Patman Act, the Clayton Act, the Hart-Scott-Rodino Act, the Wilson Tariff Act, the Sarbanes-Oxley Act. Plaintiff seeks antitrust damages in the amount of $25 million dollars. *See* Dkt. No. 1.

The complaint will be DISMISSED with prejudice because plaintiff lacks antitrust standing. The antitrust laws do not provide a remedy to every party injured by unlawful economic conduct. *American Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999). Antitrust laws are only intended to preserve competition for the benefit of consumers. *See Assoc, Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 530, 538 (1983). A party wishing to bring a private antitrust action must establish antitrust injury. *American Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1054 & n.3 (9th Cir. 1999); *Cargill, Inc. v. Monfort of Colorado, Inc.*, 479 U.S. 104, 110 n.5 (1986) (requiring antitrust injury to seek injunctive relief under the Clayton Act).

> To show antitrust injury, a plaintiff must prove that his loss flows from an anticompetitive aspect or effect of the defendant's behavior, since it is inimical to the antitrust laws to award damages for losses stemming from acts that do not hurt competition. If the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se.

*Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995) (citing *Atl. Richfield Co. v. USA Petroleum, Inc.*, 495 U.S. 328, 334 (1990)) (private suit brought under Section 4 of the Clayton Act). The losses alleged by plaintiff are (1) a breach of national security or vulnerabilities in our national security system, and (2) being marked as a slave of the state because he will be forced to use digital currency. These alleged losses do not hurt competition, and are not antitrust injuries.

In addition, the complaint's speculative and conclusory allegations that numerous individual high tech companies and numerous individual oil companies have coordinated antitrust activities fail to raise a right to relief above the speculative level.

The Court DISMISSES the complaint with prejudice because the pleading could not possibly be cured by the allegation of other facts. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice. The Clerk shall enter judgment in favor of defendants and against plaintiff.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge